IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **AUTOBIDMASTER, LLC**,<br><br>       Plaintiff,<br><br>v.<br><br>**ALPINE AUTO GALLERY, LLC**, et al.,<br><br>       Defendants. | Case No. 3:14-cv-1083-AC<br><br>**OPINION AND ORDER** |

**Michael H. Simon, District Judge.**

United States Magistrate Judge John V. Acosta issued Findings and Recommendation ("F&R") in this case on April 8, 2015. Dkt. 40. Judge Acosta recommended that Defendant Alpine Auto Gallery's ("Alpine") motion to dismiss for lack of personal jurisdiction, alternative motion to transfer venue, and motion to dismiss for failure to state a claim be granted in part and denied in part. Dkt. 18.[1] Specifically, Judge Acosta recommended denying the motion to dismiss based on jurisdiction, denying the motion to transfer venue, and granting the motion to dismiss for failure to state claim because of Plaintiff's "shotgun" pleading.

---

[1] Defendant Edward Agabs joined in Alpine's motion to dismiss (Dkt. 29). The F&R erroneously cites to Docket 29, Agabs's joinder, as Alpine's motion to dismiss. Alpine's motion to dismiss is Docket 18.

PAGE 1 – OPINION AND ORDER

Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)(C). If a party files objections to a magistrate's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

Alpine timely filed an objection to the F&R. Dkt.42. Plaintiff did not respond to Alpine's objections. The Court conducts a *de novo* review of the objected-to portions of the F&R, including reviewing the original briefing and evidence submitted before Judge Acosta.

**A. Portions of the F&R to Which Alpine Objected**

In its objection, Alpine argues that the F&R erroneously found specific personal jurisdiction over Alpine based on the incorrect conclusions that whether Alpine was associated with the website www.winday.com and whether Agabs was an agent or employee of Alpine are contradicted such that Plaintiff is entitled to resolution of those conflicts in Plaintiff's favor. Alpine also objects that even if personal jurisdiction over it is proper, the F&R improperly denied transferring venue to New Jersey.

**1. Evidence submitted**

Alpine submitted declarations from one of its members, Angelo Koutsavlis, attesting to the fact that Agabs was not an employee of Alpine, that Alpine did not authorize Agabs to register or operate the domains www.winday.com, www.autobidmaser.com, or www.autobidmater.com, that Alpine did not authorize Agabs to act as Alpine's agent with respect to those domains, and that Alpine itself did not register or operate www.winday.com. Mr. Koutsavlis further stated that Agabs was hired to create a new web site for Alpine, but that the new website was never developed.

Plaintiff submitted screen shots of the website www.winday.com from immediately before this lawsuit was filed that repeatedly reference Alpine. For example, under "How WinDay Works," the WinDay website set out three steps, with step three stating "[y]ou can pick up your car directly at the Copart location or arrange shipping with Alpine Auto Gallery. Congratulations on your new purchase." Dkt. 24-1 at 8. After setting out the three steps to purchasing a car, under the heading "More," the WinDay website. as shown in the screen shot, continued:

> Alpine Rebuildable Cars ("WinDay.com") is an online auto auction marketplace and your international source for late model salvage cards, trucks, Hybrid vehicles, SUV and pick-up trucks. We have been serving the New York (NY), New Jersey (NJ), Pennsylvania (PA) area with over 20 years of experience in the rebuildable car industry.
>
> * * *
>
> We are proud to offer our clients a new service that gives you the ability to bid on automobiles directly from Copart Salvage Auctions. Cut out the middle man and buy salvage cards direct from the source. We are now part of the Copart Registered Broker Program, which allows the general public to buy salvage vehicles without a dealer or dismantler license. Once registered, you'll be able to bid live at over 150 auctions in the United States and Canada.

Dkt. 24-1 at 8.

As shown in the evidence submitted by Plaintiff, Plaintiff's attorney clicked "About" on the WinDay website and the linked page was entitled "About Alpine Auto Gallery" and stated:

> Alpine Auto Gallery LLC is a Copart Auto Auctions Registered Broker!
>
> Alpine Rebuildable Cars is your international source for late model salvage cards, trucks, Hybrid vehicles, s.u.v.'s and pick up trucks. We have been serving the New York (NY), New Jersey (NJ), Pennsylvania (PA) area with over 20 years of experience in the rebuildable car industry.

PAGE 3 – OPINION AND ORDER

Dkt. 24-1 at 9. The "About" page continued by setting out the same information from the "More" section quoted above.

Plaintiff also submitted email correspondence from Agabs to Plaintiff, in which Agabs stated that he is "working with a broker here in NJ and we would like to redo our website" and responded to the question of what company Agabs works for by stating "Alpine Auto Gallery." Dkt. 24-1 at 4-6.

### 2. Alpine's connection with www.winday.com

The Court agrees with Judge Acosta that whether Alpine is affiliated with www.winday.com is sufficiently disputed. The website screen shots are evidence that Alpine controlled or was otherwise affiliated with winday.com. Although Alpine denies that it personally operated winday.com, it does not deny that it controlled or was otherwise affiliated with winday.com through a contract or by other means. Alpine also does not deny that it obtained a benefit from winday.com. Because the Court finds that Alpine's control over and affiliation with winday.com is disputed, for purposes of determining personal jurisdiction, the Court resolves the conflict in Plaintiff's favor. *See Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). The Court, therefore, adopts the portion of the F&R relating to Alpine's affiliation with WinDay and how WinDay's website and activities confer specific personal jurisdiction over Alpine.

### 3. Alpine's connection with Agabs

The Court also finds that at this stage in the proceedings, whether Agabs is an agent of Alpine with actual or apparent authority relating to www.winday.com, www.autobidmaser.com, and www.autobidmater.com is sufficiently in dispute to require resolving the conflict in Plaintiff's favor at this stage. Under Oregon law:

> Actual authority may be express or implied. When a principal explicitly authorizes the agent to perform certain acts, the agent has express authority. However, most actual authority is implied: a principal implicitly permits the agent to do those things that are "reasonably necessary" for carrying out the agent's express authority. In contrast, a principal also may be bound by actions taken that are "completely outside" of the agent's actual authority, if the principal allows the agent to appear to have the authority to bind the principal. Such a circumstance is called "apparent authority."
>
> For a principal to be bound by an agent's action, the principal must take some affirmative step, either to grant the agent authority or to create the appearance of authority. An agent's actions, standing alone and without some action by the principal, cannot create authority to bind the principal.

*Taylor v. Ramsay–Gerding Constr. Co.*, 196 P.3d 532, 536 (Or. 2008) (citations omitted).

Here, Plaintiff alleges that Agabs is a "duly authorized employee, representative, and/or agent (actual or implied)" of Alpine. This allegation implies that Alpine took some affirmative action making Agabs an agent or employee, but does not alone suffice to show that Agabs was acting under the actual authority (express or implied) or apparent authority of Alpine when he committed the particular conduct forming the basis for plaintiff's claims.

Agabs reached out to Plaintiff in Oregon seeking information to help Agabs develop a website, expressly stated that he was reaching out on Alpine's behalf, and Alpine admits that it hired Agabs to develop a new website for Alpine. Alpine offers no evidence that at the time Agabs reached out to Plaintiff in Oregon, Agabs was acting outside the scope of his authority conferred expressly or impliedly by Alpine to develop a website for Alpine. Alpine merely asserts that it did not convey authority to Agabs to develop or operate any of the three disputed websites. Additionally, the Court has already found that Alpine's connection with www.winday.com is sufficiently disputed to confer personal jurisdictional. These additional facts suffice for purposes of the Court's jurisdictional analysis on a motion to dismiss to suggest that

PAGE 5 – OPINION AND ORDER

Agabs was acting as Alpine's agent when Agabs reached out to Plaintiff in Oregon.[2] *See, e.g.*, *Dauven v. U.S. Bank Nat'l Ass'n*, 2010 WL 5141275, at *9 (D. Or. Nov. 8, 2010). Accordingly, the Court adopts the portions of the F&R relating to Agabs acting as an agent for Alpine and how Agabs's conduct confers specific personal jurisdiction over Alpine.

### 4. Transfer of venue

Alpine argues that the F&R's consideration of the factors relating to transfer of venue is erroneous and that the factors support transferring this case to New Jersey. The Court has considered the issue *de novo* and agrees with Judge Acosta that Alpine fails to make the required "strong showing" of inconvenience to upset Plaintiff's choice of forum. *See Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986). The Court adopts this portion of the F&R.

### B. Portions of the F&R to Which No Party Objected

No party objected to the portions of the F&R relating to jurisdiction over Agabs or the dismissal for failure to state a claim. For those portions of a magistrate's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review de novo magistrate's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes

---

[2] Evidence at summary judgment or trial, however, may show that either Agabs was not Alpine's agent or was acting outside of his agency authority.

to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate's recommendations for "clear error on the face of the record." Accordingly, this Court follows the recommendation of the Advisory Committee and reviews those portions of the F&R for clear error on the face of the record. No such error is apparent. The Court, therefore, adopts those portions of the F&R.

## CONCLUSION

The F&R (Dkt. 40) is ADOPTED, as discussed herein. Alpine's motion to dismiss (Dkt. 18), which is joined by Defendant Agabs (Dkt. 29), is GRANTED IN PART, as follows: Defendants' motion to dismiss for lack of personal jurisdiction is denied; Defendants motion to transfer venue is denied; and Defendants' motion to dismiss for failure to state a claim is granted. Plaintiff may, at its option, file an amended complaint attempting to cure the deficiencies identified in the F&R on or before June 5, 2015.

**IT IS SO ORDERED**.

DATED this 19th day of May, 2015.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge